**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RAJWANT LAMBA and GURLEEN LAMBA,**

                    **Plaintiffs,**

**-vs-**                                 **Case No. 6:08-cv-1330-Orl-31KRS**

**RACETRAC PETROLEUM, INC.,**

                      **Defendant.**

_____

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 9) filed by the Defendant, Racetrac Petroleum, Inc. ("Racetrac") and the response (Doc. 10) filed by the Plaintiffs, Rajwant Lamba and Gurleen Lamba (the "Lambas"). Racetrac seeks dismissal of the complaint on the grounds that, *inter alia*, the lease at issue in this case provides that "[v]enue in any action based on, or arising out of this Lease, by Lessee against Lessor shall lie in Cobb County, Georgia." (Doc. 2-2 at 23). According to Racetrac, this language constitutes a mandatory forum selection provision that renders venue in this Court improper.

The Lambas concede that the language creates a mandatory forum selection provision (Doc. 10 at 3) but make two arguments in opposition to its application here. First, they argue that a mandatory forum clause, by itself, can not serve as the sole basis for avoiding *in personam* jurisdiction. However, the cases cited by the Lambas for this proposition bear no relation to the situation in this case. In addition, as noted by the Lambas in their complaint (Doc. 2 at 2), Racetrac is a Georgia corporation, providing a legitimate basis for requiring a Georgia forum.

Secondy, the Lambas argue that the forum clause should not be enforced because it resulted from Racetrac's "overwhelming bargaining power" and "constitutes overreaching by the Defendant at Plaintiffs' expense."  The Lambas also argue that "there is a strong public policy argument" against allowing parties to conduct business in Florida and violate this state's laws while requiring suits against them be filed in another state.  To the extent that these arguments might have any merit, the Lambas offer no support for them, instead simply reciting phrases culled from the case law.

Because the Court finds that the mandatory selection clause should be enforced and that therefore venue is improper here, it would be improper to address the merits of Racetrac's remaining, substantive arguments in favor of dismissal.  Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 9) filed by the Defendant, Racetrac Petroleum, Inc. is **GRANTED IN PART AND DENIED IN PART**.  This case is **DISMISSED** pursuant to Rule 12(b)(3) for improper venue.  In all other respects, the motion is **DENIED WITHOUT PREJUDICE**.   The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 2, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party